ricane Hugo placed the rest of the scar in a different location.

The plaintiff could have directed Mr. Hudson to review the Fagan video of the damage and, on that foundation, attempt to articulate some reasonable basis for extrapolating the damage along the balance of the scar. Counsel for the United States, however, chose not to do so. The Court's criticism of the plaintiff's inadequate case preparation, warranted in and of itself, provides background for the Court's reluctant conclusion that the United States presented insufficient evidence to support an award of damages beyond the first forty-eight meters. There is no sufficient basis in the evidence for simple mathematical extrapolation.

Both parties' motions to alter the judgment accordingly will be denied. An order to that effect is attached.

Tammie DAVIS, Plaintiff,

v.

PRC, INC., et al., Defendants.

Civ. A. No. 94–938–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 24, 1995.

Order Denying Reconsideration
April 25, 1995.

Wanda M. Johnson, Craig, Harris & Henderson, Erroll D. Brown, Kirk Wilder, Law Offices of Erroll D. Brown, Landover, MD, for plaintiff.

Stephen W. Robinson, Valerie A. Fant, McGuire, Woods, Battle & Boothe, Washington, DC, for defendants.

## AMENDED ORDER

BRINKEMA, District Judge.

For the reasons stated in open court, Plaintiff's Motion for Reconsideration and Motion to Alter or Amend Judgment Awarding Attorneys' Fees Against Counsel and Plaintiff is GRANTED and it is hereby

ORDERED that this Court's Order of February 10, 1995, granting Defendant's request for attorneys' fees in the amount of $30,000, be and is AMENDED as follows:

■ The award of attorney's fees against Plaintiff Tammie Davis is VACATED, the Court having found that Ms. Davis innocently relied on the advice of counsel, Erroll D. Brown and Kirk Wilder, in refiling and pursuing her claim after the Court dismissed the first complaint on September 16, 1994.

■ Attorney Wanda M. Johnson's sanction under Fed.R.Civ.P. 11 is reduced to a total of $2,000. The Court has reduced Ms. Johnson's share of the sanctions because it finds that Ms. Johnson relied upon the expertise of co-counsel for the Title VII aspects of the case and acted responsibly by associating with counsel who were supposed to be more experienced with Title VII issues. But because counsel failed to withdraw her representation or to adequately counsel her client after she learned that the lawsuit was without factual support and after she suspected that co-counsel were ill advising plaintiff during her deposition, counsel is still liable for some sanctions.

■ Attorneys Erroll D. Brown and Kirk Wilder's sanctions under Fed.R.Civ.P. 11 are increased to $14,000 each. This increase is imposed in light of the affidavits of Ms. Johnson and Ms. Davis stating that Mr. Brown and Mr. Wilder were chiefly responsible for the Title VII claims and failed to inform co-counsel and the plaintiff of the Court's September 16, 1994 rationale for dismissing the complaint and stern warning to counsel regarding the possibility of a Rule 11 violation. The Court is deeply troubled by the cavalier attitude displayed by attorneys Brown and Wilder in failing to appear at today's hearing and in not responding substantively to Ms. Johnson's pleading despite the plaintiff's waiver of attorney-client privilege and conflict of interest.

These Rule 11 sanctions represent the discounted amount of defendant's attorneys' fees incurred after the refiling of plaintiff's complaint. Accordingly, it is hereby

ORDERED that plaintiff's counsel remit the amount of their sanctions as provided for in this Order to defendant, PRC, Inc., FORTHWITH.

## ORDER

Having reviewed the Motion to Reconsider the Order of Court Dated 24 March 1994 filed by the Law Offices of Erroll D. Brown, Erroll D. Brown, and Kirk A. Wilder, the Court has determined that oral arguments are not necessary and that the motion will be resolved on the briefs. For the reasons stated below, the motion is DENIED.

Attorneys Brown and Wilder represented the plaintiff in the above captioned matter along with Attorney Wanda M. Johnson. On February 10, 1995, this Court granted defendant PRC's Motion for Attorney Fees and awarded defendant fees of $30,000, to be paid in equal amounts by plaintiff and each of her three attorneys. As the February 10, 1995 Order explained, fees were awarded against plaintiff and her attorneys "for refiling and pursuing a race discrimination complaint that had no evidentiary basis."

Plaintiff filed a timely Motion for Reconsideration and/or Motion to Alter or Amend Judgment Awarding Attorneys' Fees Against Counsel and Plaintiff, which was heard on March 24, 1995. In that motion, plaintiff and Ms. Johnson provided the Court with new information regarding the conduct of co-counsel Brown and Wilder and the agreed distribution of responsibility among plaintiff's three attorneys. Plaintiff's memorandum

was supported by sworn affidavits and contained new information that could not have been produced by plaintiff's counsel at the earlier hearing because at that time it was privileged. Attorneys Brown and Wilder filed a terse response to plaintiff's motion but refused to address plaintiff's specific arguments and declarations, claiming that the attorney-client privilege prevented them from responding fully, even though their client had clearly waived her privilege.

Attorneys Brown and Wilder did not appear for the March 24, 1995 hearing. The memorandum in support of the pending motion argues that they did not have notice of the hearing. That contention strains credulity. Plaintiff's Motion, Notice of Hearing, and Memorandum of Points and Authorities were all served on Mr. Brown and Mr. Wilder on February 24, 1995, nearly one month before the hearing. *See* Certificate of Service. The Notice of Hearing stated: "(1) At the time of filing, Counsel has not been able to confirm a date for the hearing with other Counsel in this case. Counsel will confer with other Counsel regarding their availability for a hearing on Friday, March 24, 1995, or any reasonable time thereafter." *See* Notice of Hearing (filed February 24, 1995). This Notice, albeit unusual and indefinite, was sufficient to put Mr. Brown and Mr. Wilder on notice of the March 24, 1995 hearing. Clearly, defendant understood the notice to mean that a hearing would take place on March 24 and appeared on that date. In addition, Mr. Brown and Mr. Wilder's written response to plaintiff's motion undermines any claim that they did not receive the Notice which was served on the same date as the motion. Finally, the reasons for Mr. Brown and Mr. Wilder's failure to attend the hearing, whatever they may be, are irrelevant to the pending motion. Although the Court was troubled by Mr. Brown and Mr. Wilder's failure to appear, their absence did not affect the Court's decision to grant plaintiff's motion.

Plaintiff's Motion for Reconsideration was granted and an Amended Order was entered on March 24, 1995. The Amended Order corrected a clerical error in the February 10, 1995 Order by clarifying that plaintiff's counsel were sanctioned under Fed.R.Civ.P. 11. The Amended Order also reallocated the sanctions, relieving plaintiff of any responsibility for paying the sanctions, and reducing Ms. Johnson's sanction to $2,000. Mr. Brown and Mr. Wilder's share of the sanctions was increased to $14,000 each. On April 7, 1995, Mr. Brown and Mr. Wilder filed their Motion to Reconsider the March 24, 1995 Amended Order.

As a preliminary matter, the movants do not cite any procedural authority for their Motion to Reconsider. Because a motion under Fed.R.Civ.P. 59(e) would be untimely, the Court is giving the movants the benefit of the doubt and treating the motion as one brought under Fed.R.Civ.P. 60(b). Under Rule 60(b), relief from a final judgment or order may be granted on the basis of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct by an adverse party.

Mr. Brown and Mr. Wilder allege that Ms. Johnson based her Motion for Reconsideration on factual misrepresentations and committed attorney misconduct by breaching the attorney-client privilege and creating a conflict of interest. These arguments are wholly without merit. As discussed earlier, Ms. Johnson's statements to the Court, memorandum, and affidavit did not breach the privilege she owed to her client because the client competently waived any privilege. Similarly, Ms. Johnson created no conflict of interest by filing the motion for reconsideration, in which the client joined. Furthermore, Ms. Johnson's motion was supported by her sworn affidavit and the corroborating affidavit of the client. The pending motion has no such support.

The movants' arguments that the Court applied an incorrect standard in imposing sanctions under Fed.R.Civ.P. 11 also fail. Contrary to the movants' assertions, the Court did not use Rule 11 as a "fee-shifting statute" but rather sanctioned plaintiff's counsel for pursuing a frivolous lawsuit and failing to conduct an adequate investigation prior to filing the amended complaint. The amount of fees incurred by the defendant in responding to plaintiff's frivolous claims was

the appropriate measure of sanctions. In deciding to reallocate the sanctions, the Court found that the conduct of Mr. Brown and Mr. Wilder was reprehensible while Ms. Johnson's conduct was at most naive and irresponsible.

For these reasons, the Motion to Reconsider the Order of Court Dated 24 March 1994 filed by the Law Offices of Erroll D. Brown, Erroll D. Brown, and Kirk A. Wilder is DENIED.

Defendant's request for attorneys' fees for responding to this motion is DENIED. The Court finds that the amount of the previous sanctions was sufficient to discipline the plaintiff's attorneys.

The Clerk is directed to forward copies of this Order to counsel of record.